JOURNAL ENTRY AND OPINION
Marvin Bailey appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of breaking and entering, theft, vandalism, possession of criminal tools and failure to comply with an order/signal of a police officer. On appeal, Bailey claims that his convictions had not been supported by sufficient evidence, and that the court erred by imposing maximum sentences, declaring a witness unavailable, and improperly instructing the jury regarding accomplice testimony. After reviewing the facts and pertinent law, we disagree, and therefore, we affirm the judgment of the court.
The record before us reveals that in the early morning hours of March 5, 1997, Bailey, along with Ricardo Coleman, a.k.a. Audwin Penix, drove a van through the front doors of the Revco Drug Store located at 6606 Harvard Road, stole five to six thousand dollars worth of cigarettes, and caused three thousand five hundred dollars worth of property damage. David Ponsford heard the commotion, called the police, and provided them with the license plate number and a description of the van. Cleveland Police Officer Patrick Adrejacak received a radio broadcast about the breaking and entering at Revco and observed a van matching the description broadcasted to him; he pursued the van with assistance from other officers; however, Bailey lost control of the van and crashed into a pole at the corner of East 55th and Francis Street. Bailey exited the vehicle and fled; Officer Andrejcak followed and advised the other officers that Bailey wore a white shirt, gray pants and a red bandana. Officers Gregory Jones and John Lundy, who arrived a few minutes later, eventually apprehended him.
Officers Shane Scott and Gregory Kwan inventoried the damage to the van, the store and the stolen items. When the two searched the vehicle, they discovered a large quantity of cigarettes, some receipts from Revco and some stock sheets. With the assistance of Frank Kisley, the Revco manager, the officers established the value of the stolen cigarettes and the property damage.
The grand jury indicted Bailey and Ricardo Coleman for breaking and entering, theft, vandalism, possession of criminal tools, and failure to comply with an order of a police officer. The court tried the case to a jury on November 12, 1997, which returned a guilty verdict against Bailey on all counts; the court then sentenced him to two years in prison, and following his appeal, we reversed his conviction and remanded the matter for retrial based on the court's denial of his motion to disqualify appointed counsel without a hearing, thereby preventing him from representing himself pro se.
The court retried Bailey on May 28, 1999. In its case in chief, the state called James Oliver, an investigator with the prosecutor's office, Cleveland Police Officers Andrejcak, Lundy, Scott, Jones, Kwan, Detective Barbara McCoy, Probation Officer William Janiak, a witness, David Ponsford, and Frank Kisley, a Revco manager.
At the close of the state's case, Bailey filed a Crim.R.29 motion for acquittal, on the basis that the state failed to produce a witness that could identify him as one of the perpetrators of the crime. The court overruled that motion and the defense then called Audwin Penix, a.k.a. Ricardo Coleman, who testified that he had been responsible for the breaking and entering at the Revco, and that Bailey had not been with him or involved in committing. Following his testimony, the defense rested and renewed its motion for acquittal, which the court again denied.
The court included in its charge to the jury an instruction on Coleman's accomplice testimony, without objection from the defense. The jury thereafter returned a guilty verdict on all counts and the court imposed the previous sentence. Bailey now appeals that trial and sets forth four assignments of error for our review.
 I. MARVIN BAILEY HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, BY HIS CONVICTIONS IN THE CASE AT BAR WHICH WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT.
Bailey asserts that his convictions are not supported by sufficient evidence because the state failed to prove identification beyond a reasonable doubt. The state, however, maintains that it proved each element of all of the offenses.
Thus, we are concerned with whether Bailey's convictions had been supported by sufficient evidence.
Crim.R. 29(A), provides in part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.* * *.
The test for sufficiency of the evidence raises a question of law to be decided by the court before the jury may receive and consider the evidence of the claimed offense. In State v. Jenks (1991),61 Ohio St.3d 259, the court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Citations omitted.)
In this case, the state had the obligation to present evidence on each of the elements of the crimes of breaking and entering, theft, vandalism, possession of criminal tools and failure to comply with an order of a police officer. Breaking and entering is defined by R.C. 2911.13
as follows:
 (A) No person by force * * * shall trespass in an unoccupied structure, with purpose to commit therein any theft offense * * *.
In this regard, the state presented evidence from David Ponsford and read his testimony from the previous trial, in which he testified that he heard a crash a few blocks away from his house and went to investigate the noise. He observed a grey van, broken doors at the entrance of Revco and several men loading the van with items from the store. He followed the van, took down its license plate number and called the police.
Thus, the state presented evidence on all the elements of the offense of breaking and entering.
Next, the offense of theft is defined in R.C. 2913.02, which states:
 (A) No person, with the purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent * * *.
In this regard, the state presented evidence from Officer Scott, who testified that he went to the Revco, and then proceeded to the area where the van had crashed. He further testified he searched the van and discovered cartons of cigarettes taken from Revco, and he, another officer and Kisley, the manager, inventoried the store and found the items taken from the Revco in the van driven by Bailey. The state also presented evidence from Kisley, who testified that he did not give Bailey permission to enter the Revco or take any items out of the store.
Thus, the state presented evidence on all elements of the offense of theft.
Further, the offense of vandalism is defined in R.C. 2909.05, which states:
 (B)(1) No person shall knowingly cause physical harm to property that is owned by another or possessed by another, when * * *:
 (a) the property is used by its owner or possessor in the owner's or possessor's * * * business * * * and the value of the property or the amount of physical harm involved is five hundred dollars or more.
Here, the state presented evidence from Kisley, who testified that Revco is a business and on that particular night, the front doors had been smashed in. He further testified that he inventoried the items missing and estimated the loss between five and six hundred dollars and the property damage to be approximately three thousand five hundred dollars.
Therefore, the state established the essential elements of the offense of vandalism.
The offense of possession of criminal tools is defined in R.C.2923.24(A), which states:
 No person shall possess or have under the person's control any * * * instrument * * * with purpose to use it criminally.
In this regard, the state presented evidence from Officer Andrejcak, who testified that he received a radio broadcast that a gray Astro van had been identified as being involved in a breaking and entering at a Revco and he attempted to stop the vehicle. He further testified that the back window of the van had been broken out and that when he checked the license plate number, he became aware that the van had either been stolen or used in a crime.
Therefore, the record establishes that the state presented evidence on all of the essential elements of the offense of possession of criminal tools.
Failure to comply with an order of a police officer, is defined in 2921.331(B) and states:
 No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
The state presented evidence from Officer Andrejcak, who testified that the driver of the grey Astro van refused to stop after he engaged his lights and siren, and instead, crashed the van into a pole before he abandoned it and ran from the officers.
Thus, the state presented sufficient evidence as to all the essential elements of the crime of failure to comply with an order of a police officer.
Regarding the issue of Bailey's identification, Officer Andrejcak testified that after he received the radio broadcast describing the van and the license plate, he spotted the vehicle and attempted to stop it. As he followed the van with his lights and sirens activated, the van crashed into a pole at East 55th and Francis Street. Officer Andrejcak then observed the driver exit the vehicle and obtained a description of the clothing worn by the driver: a white shirt, grey pants and a red bandana, which he broadcast to other police units. Further, Officer Lundy testified that he had received the radio broadcast from Officer Andrejcak describing the clothing worn by the driver of the grey Astro van and that he spotted an individual wearing clothing matching that description and engaged in a foot pursuit. He further stated that he arrested Bailey in a junkyard in the area of East 55th and Francis Street. Upon returning Bailey to the scene of the crash, Officer Andrejcak identified Bailey as the driver of the grey Astro van. Finally, from the testimony of David Ponsford, we have concluded that the grey Astro van which Bailey operated, had in fact been the vehicle which crashed into the Revco. Thus, Bailey's challenge to the sufficiency of the evidence based on lack of identity is not well taken.
Therefore, in accordance with the test set forth in Jenks, after reviewing this evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the offenses proven beyond a reasonable doubt. Pursuant to Crim.R. 29, the court properly denied Bailey's motion for acquittal. Accordingly, this assignment of error is not well taken and it is overruled.
 II. MARVIN BAILEY HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM SENTENCES IMPOSED ON HIM, WHEN SAID SENTENCES WERE NOT IMPOSED IN CONFORMITY WITH OHIO'S NEW SENTENCING STRUCTURE.
Here, Bailey maintains the court erred when it sentenced him because the trial court failed to make the requisite findings according to R.C.2929.14(C).
R.C. 2929.14(C) mandates that a court can impose a maximum term of imprisonment only upon offenders who committed the worst forms of the offense, who pose the greatest likelihood of committing future crimes, who are major drug offenders, or upon some repeat violent offenders. In this case, the court did not make any one of these findings. Accordingly, this assignment of error is well taken, and the matter is remanded for the trial court to make the proper findings to support the sentence it imposed.
 III. MARVIN BAILEY WAS DENIED HIS CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESSES AGAINST HIM, WHEN THE TRIAL COURT DECLARED DAVID PONSFORD TO BE UNAVAILABLE AND ALLOWED PONSFORD'S PRIOR TESTIMONY TO BE READ TO THE JURY.
Bailey asserts that the court improperly declared Ponsford unavailable for trial, thereby denying his right to confront this witness, because the court permitted his prior testimony to be read into the record. The state, however, maintains it demonstrated Ponsford unavailable in accordance with Evid.R. 804(B)(1).
Thus, we are concerned with whether the court properly determined that a witness had been unavailable to testify.
Evid.R. 804(A) states:
 Unavailability as a witness includes situations in which the declarant:
* * *
 (5) is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance by process or other reasonable means. * * *.
Further, Evid.R. 804(B) states that the following is not excluded by the hearsay rule if the declarant is unavailable as a witness:
 (1) Testimony given as a witness at another hearing of the same or a different proceeding * * * if the party against whom the testimony is now offered * * * had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. * * *.
 The state must make a good faith effort to secure the attendance of a witness. See State v. Carpenter (1997), 122 Ohio App.3d 16; State v. Young (1984), 20 Ohio App.3d 269.
During its case-in-chief, the state called James Oliver, an investigator with the Cuyahoga County Prosecutor's Office, who testified that he attempted to serve Ponsford with a subpoena. Oliver learned that Ponsford had moved and left no forwarding address. Oliver stated that in an effort to locate Ponsford, he contacted Ponsford's sister-in-law, the Medina County Sheriff's Department, and delivered a subpoena to Ponsford's old address, but had been unable to locate Ponsford.
This testimony demonstrates that the state made a good faith effort to secure Ponsford's presence at trial. Thus, the court did not err or abuse its discretion in permitting Ponsford's prior testimony to be read into the record at Bailey's retrial. Bailey has not been denied an opportunity to cross-examine Ponsford, because as the transcript reflects, Bailey had a full opportunity to cross-examine Ponsford at the first trial. Here, there is no denial of the right to confrontation. Accordingly, this assignment of error is not well taken.
 IV. MARVIN BAILEY WAS DENIED HIS RIGHT TO A FAIR TRIAL, WHEN THE TRIAL COURT DELIVERED AN IMPROPER JURY INSTRUCTION ON ACCOMPLICE TESTIMONY.
Bailey asserts the court erred when it instructed the jury on accomplice testimony in accordance with R.C. 2923.03 because Coleman testified as a defense witness in this case. The state, however, urges that the jury had been properly instructed because Coleman acted as Bailey's accomplice.
R.C. 2923.03(D) states:
 If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 The testimony of an accomplice does not become inadmissible because of his complicity, oral turpitude, or self-interest, but the admitted or claimed complicity or a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.
Therefore, in accordance with the statute, the court should provide this instruction when an accomplice testifies against a defendant.
However, in this case, we recognize that Coleman did not testify against Bailey; he testified on his behalf. The court nonetheless gave the limiting instruction despite the fact that Coleman did not testify against Bailey. Thus, we are concerned with the propriety of this jury instruction.
Crim.R.30(A) states in pertinent part:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
A review of the transcript in this case reveals that when the court asked defense counsel whether he had any comments following the instructions, counsel stated:
 On behalf of the Defendant, Marvin Bailey, the Court has given these instructions very well and copiously. We thank the Court for giving this jury these instructions.
Thank you.
Therefore, based on the record, we have concluded this issue is not properly before us because it has not been preserved for appeal. Accordingly, this assignment of error is not well taken and the judgment of the court is affirmed.
Judgment affirmed. The matter is remanded for the trial court to incorporate appropriate findings in its sentencing entry in accordance with R.C. 2929.14(C).
It is ordered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE:
KENNETH A. ROCCO, J., CONCURS; ANNE L. KILBANE, J., CONCURRING IN PART AND DISSENTING IN PART.
 CONCURRING AND DISSENTING OPINION